[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2275

 SECURITIES AND EXCHANGE COMMISSION,

 Plaintiff, Appellee,

 v.

 ELLIS L. DEYON, ET AL.,

 Defendants, Appellees.
 

 BRADLEY T. GULLETT,

 Defendant, Appellant.
 

No. 97-2276

 SECURITIES AND EXCHANGE COMMISSION,

 Plaintiff, Appellee,

 v.

 ELLIS L. DEYON, ET AL.,

 Defendants, Appellees.

 

 SHERWOOD H. CRAIG,

 Defendant, Appellant.
 No. 97-2277

 SECURITIES AND EXCHANGE COMMISSION,

 Plaintiff, Appellee,

 v.

 ELLIS L. DEYON, ET AL.,

 Defendants, Appellees.
 

 WILLIAM HANKE,

 Defendant, Appellant.

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 Bradley T. Gullett on brief pro se.
 Sherwood H. Craig on brief pro se.
 Richard H. Walker, General Counsel, Jacob H. Stillman,
Associate General Counsel, Katharine B. Gresham, Assistant General
Counsel, and Diane v. White, Senior Counsel, on brief for the
Securities and Exchange Commission, appellee.

July 1, 1998

 Per Curiam. Having carefully reviewed the record in
this case, including the briefs of the parties, we affirm the
judgment of the district court, essentially for the reasons
given by the district court in its findings of fact and
conclusions of law, dated August 21, 1997. We limit ourselves 
to the following remarks. 
 Like the district court, we find that the investment
of pooled funds in a common account from which investors were
to be paid interest on a pro rata basis constitutes a "common
enterprise" for the purpose of investment contract analysis. 
The claim that the fixed interest payments promised investors
does not constitute "profit" was not raised with sufficient
clarity below and hence has been waived on appeal absent
exceptional circumstances. See In re Rauh, 119 F.3d 46, 51
(1st. Cir. 1997). No such circumstances exist in this case.
 We further find no clear error in the district court
determination that defendants/appellants acted with the
required scienter in offering these securities. Finally, the
district court did not abuse its discretion in imposing the
penalties it assessed or in denying the belated request for a
jury trial made by defendants/appellants.
 Affirmed.